UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――
ZHILONG CHENG,

                              Petitioner,

               -against-

THE DEPARTMENT OF JUSTICE, *et al.*,

                              Respondents.
―――――――――――――――――――――――――――

20-CV-0509 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Petitioner, currently in immigration detention in Lords Valley, Pennsylvania, at the Pike County Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking release from custody. For the following reasons, this petition is transferred to the United States District Court for the Middle District of Pennsylvania.

      In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seeks relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

      Here, the United States District Court for the Middle District of Pennsylvania is a proper venue for this action. First, Petitioner is currently detained at Pike County Correctional Facility, which is located in the judicial district of the Middle District of Pennsylvania. Second, Petitioner attaches to his petition documents suggesting that a Pennsylvania lawyer who is representing him

is seeking his release.[1] Finally, Petitioner does not state any facts suggesting that this District is a proper venue.[2] Therefore, in the interest of justice, this Court transfers this petition to the Middle District of Pennsylvania. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 6, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[1] Petitioner attaches to his complaint a "bond worksheet," and on that sheet, he lists his Pennsylvania lawyer. (ECF No. 1 at 8.)

[2] Petitioner states that he mailed the petition to this Court because he believed that Judge Jed S. Rakoff would be sympathetic to his case. (ECF 1 at 8.) But venue is not determined by such factors.